IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JM OILFIELD SERVICE INCORPORATED                          PLAINTIFF

v.                  Case No. 1:10-cv-53-DPM

JOHN MATHIS "MATT" LILE, III, individually
and in his capacity as director and officer of
Advanced Insurance Brokerage of America, Inc.,
Employers Choice Health Alliance, Inc. and
Benefit America Consulting Group; ADVANCED
INSURANCE BROKERAGE OF AMERICA, INC.,
d/b/a ADVANCED INSURANCE ADMINISTRATION;
EMPLOYERS CHOICE HEALTH ALLIANCE, INC.;
BENEFIT AMERICA CONSULTING GROUP;
BRENDA PRICE; INSURANCE BROKERAGE USA, INC.;
GENERAL RE CORPORATION; PAN-AMERICA LIFE
INSURANCE COMPANY; and JOHN DOES 1-10         DEFENDANTS

ORDER

JM Oilfield Service Incorporated filed a complaint in state court alleging that the Defendants fraudulently enticed it to buy a health-insurance plan for its employees that was never properly funded, that one or more of the Defendants failed to pay legitimate medical claims, and that the plan was mismanaged in general, all to the detriment of JM Oilfield and its employees. The main thrust of JM Oilfield's case, however, is that some or all of the

Defendants acted as fiduciaries to JM Oilfield and must now account to it for their misdeeds.

Invoking the Employee Retirement Income Security Act of 1974, Pan-America Life Insurance Company removed the case, with all the other Defendants' consent, to this Court, asserting that JM Oilfield's suit relates to a benefits plan governed by ERISA. JM Oilfield moves to remand the case; it contends that Pan America has mistakenly invoked ERISA law and thus wrongly asserted that federal jurisdiction exists.

The Court grants JM Oilfield's motion to remand because it is unable to conclude that federal-question jurisdiction exists over this case given the murky issues presented. 28 U.S.C.A. § 1441(c) (West 2006). If ERISA preemption of one or more of JM Oilfield's claims becomes clear as the case progresses in state court, then the Defendants may seek to remove again as allowed by law. 28 U.S.C.A. § 1446(b) (West 2006).

I.

First principles anchor the remand. The Court begins with the settled point that Pan-America, the removing party, has the burden to establish jurisdiction. "As the party seeking removal and opposing remand, [Pan-

America] ha[s] the burden of establishing federal subject matter jurisdiction." *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). Notwithstanding the parties' briefs—or perhaps because of the careful arguments contained in them—the Court has doubts about jurisdiction. And it is "required to resolve all doubts about federal jurisdiction in favor of remand." *Ibid.* (citations omitted). In addition to Eighth Circuit precedent, the leading treatise on federal jurisdiction counsels courts to decide doubtful cases in favor of remand.

> [A] great many cases can be cited for the proposition that if federal subject-matter jurisdiction over a removed case is doubtful, the case should be remanded to state court. This rule rests on the inexpediency, if not unfairness, of denying the motion for remand and thereby exposing the plaintiff to the possibility of winning a final judgment in federal court, only to have it determined on appeal that the court lacked subject-matter jurisdiction, which would require the proceeding to be repeated in state court.

14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3739, at 793–95 (4th ed. 2009) (collecting cases); *see also Strange v. Arkansas-Oklahoma Gas Corp.*, 534 F. Supp. 138, 139 (W.D. Ark. 1981) (Waters, C.J.) (removal jurisdiction).

The jurisdictional question is unclear although the parties' generally agree on key principles of federal law, including that ERISA is a comprehensive statutory scheme regulating the creation and administration of plans providing benefits to employees. *Ingersoll-Rand Company v. McClendon*, 498 U.S. 133, 137 (1990). That agreement extends to the recognition that Congress has broadly preempted state-law claims that relate to certain employee benefits plans. The preemption clause, "conspicuous for its breadth" in the phrase from *Ingersoll-Rand*, says this: "Except as provided in subsection (b) of this section, the provisions . . . this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C.A. § 1144(a) (West 2009). Under ERISA, the term "State law" means "all laws, decisions, rules, regulations, or other State action having the effect of law." 29 U.S.C.A. § 1144(c)(1).

## II.

This Court must of course discern Congress's intent when deciding whether ERISA preempts one or more of JM Oilfield's claims so that a federal question is presented. The parties focus heavily, but not exclusively, on a

handful of ERISA terms as they argue for and against remand. In favor of remand, JM Oilfield contends that the "very first prerequisite for claim preemption . . . is not present in this case" because it is neither a "participant" nor a "beneficiary" under ERISA. *Document No. 26, at 7.* JM Oilfield also says that the usual indicia of a bona fide ERISA case is lacking. Pan-America contends otherwise, saying that JM Oilfield successfully created "an employee welfare benefit plan governed by ERISA[.]" *Document No. 37, at 2.* It points out, for example, that JM Oilfield adopted a Summary Plan Description. JM Oilfield did attach to its complaint a document that purports to be a SPD for a benefit plan concerning medical and prescription drug coverage. *Document No. 2, at 59–85.* But JM Oilfield responds that it does not have the actual plan document. *Document No. 40, at 2.* This dispute is something of a Möbius Strip: if the Defendants were supposed to create an ERISA plan (which is disputed) but did not, are their acts and omissions nonetheless a matter of ERISA?

Pan-America also makes a remedy-focused argument on why ERISA preempts some or all of JM Oilfield's complaint. Pan-America contends that because Section 502 applies to fiduciaries, participants, and beneficiaries alike,

the argument against ERISA preemption fails. *Document No. 37, at 5.*
JM Oilfield responds that, when construed as a whole, the remedial provisions run to benefit plans themselves, not from fiduciary to fiduciary. *Document No. 40, at 3.* This point is important because the hub of JM Oilfield's complaint is about alleged wrongdoing by Defendants who stood in a fiduciary relationship to JM Oilfield.

There is more legal nuance to the parties' well-briefed arguments on why the Court should, or should not, exercise jurisdiction. The contest includes a clash on how the Court should apply various rather typical precedents to this atypical case. Having considered first principles related to federal jurisdiction in general, ERISA preemption in particular, and the parties' arguments from the pleaded facts, the Court is simply unsure whether it has jurisdiction. Given this doubt, the legal presumption favoring state-court jurisdiction, the open window for removal later, and the many difficulties for all that would attend this Court acting beyond its jurisdiction, the Court remands the case. A state Circuit Court can fully address whether "premiums have ultimately been funneled through to the various named defendants for their own individual benefit and profit" such that JM Oilfield

was "left holding the bag for its employees[.]" *Document No. 26, at 1–2*. And it can do so as a court of general, rather than limited, subject matter jurisdiction.

\* \* \*

JM Oilfield's motion to remand, *Document No. 25*, is granted. The case is remanded to the Circuit Court of Cleburne County, Arkansas. The Court expresses no opinion on JM Oilfield's request for discovery. The Circuit Court must decide that issue. The Court also acknowledges the pending motions to dismiss, *Document Nos. 19, 21 & 27*. They, too, are for the Circuit Court. Finally, Defendant Insurance Brokerage USA, Inc.'s motion to extend the discovery and motions deadlines, *Document No. 53*, is denied as moot.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____7 January 2011_____